# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WATERBURY; and KATHY BELL;<br><br>                    Plaintiffs,<br><br>v.<br><br>A1 SOLAR POWER INC.; and AMERICAN PRO ENERGY;<br><br>                    Defendants. | Case No.: 15cv2374-MMA (WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 4] |

Defendants A1 Solar Power Inc. and American Pro Energy ("Defendants") move to dismiss Plaintiff Steve Waterbury's and Plaintiff Kathy Bell's ("Plaintiffs") First Amended Complaint ("FAC") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 4.] Additionally, Defendants move to strike Plaintiff's class definition pursuant to Federal Rule of Civil Procedure 12(f). In the alternative, Defendants move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). The Court took the matter under submission on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. [Doc. No. 8.] For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion. [Doc. No. 4.]

# **BACKGROUND**[1]

On October 20, 2015, Plaintiffs filed this putative class action against Defendants. [Doc. No. 1.] On November 20, 2015, Plaintiffs filed the FAC,[2] alleging Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. and 47 CFR 64.1200 (C) & (E). [Doc. No. 3.]

## A. Plaintiff Kathy Bell's Allegations

Around October 2015, Defendants contacted Plaintiff Bell on her cellphone "in an attempt to communicate with [her] regarding solar panel installation and energy services for her home." [Doc. No. 3, FAC ¶ 16.] Defendants used a phone number that "is believed to be an internet generated spoof number" with an (818) area code. *Id.* Plaintiff alleges that Defendants are known to use the number (818) 927-****. Plaintiff states that the call was made using an "automated telephone dialing system" ("ATDS"), "as defined by 47 U.S.C. § 227(a)(1)." [FAC ¶ 17.] Plaintiff incurs charges for incoming calls. Plaintiff did not give Defendants her express consent to receive calls from an automated dialing system or a prerecorded voice. [FAC ¶ 20.]

## B. Plaintiff Steve Waterbury's Allegations

On June 29, 2003, Plaintiff Waterbury placed his landline phone number on The National Do Not Call Registry in order to avoid telemarketing calls. However, on or about April 17, 2015, Defendants began calling Plaintiff's landline. As of the date of the FAC, Defendants had called Plaintiff's landline at least 23 times. Plaintiff answered some of Defendants' phone calls. During these conversations, the caller explained that they were calling on behalf of a solar referral company and asked Plaintiff whether he owned a home, and inquired about his income and electrical usage. Though Plaintiff repeatedly informed the caller that his phone number was on the National Do Not Call

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the complaint. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

[2] "A party may amend its pleading once as a matter of course within . . . 21 days after serving it . . . ." Fed. R. Civ. P. 15(a)(1)(A).

Registry and requested that they cease calling, Defendants continued to call his landline. Plaintiff did not have a preexisting relationship with the Defendants, and had not directly given Defendants his phone number or consented to their calls.

## **LEGAL STANDARD**

### **A.     Rule 12(b)(6)**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for

1 | summary judgment."  *Id.*; *see also* Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*,
2 | 250 F.3d 668, 688 (9th Cir. 2001) *overruled on other grounds by Galbraith v. Cnty. Of*
3 | *Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).  Where dismissal is appropriate, a
4 | court should grant leave to amend unless the plaintiff could not possibly cure the defects
5 | in the pleading.  *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

**B.    Rule 12(f)**

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).  The purpose of a 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues . . . ."  *Id.* (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).  "Motions to strike are generally disfavored, unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Haghayeghi v. Guess?, Inc.*, No. 14CV00020 JAH-NLS, 2015 WL 1345302, at *5 (S.D. Cal. Mar. 24, 2015) (internal quotations omitted) (quoting *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992)); *Blair v. CBE Grp. Inc.*, No. 13CV134 MMA-WVG, 2013 WL 5677026, at *2 (S.D. Cal. Oct. 17, 2013).

**C.    Rule 12(e)**

Federal Rule of Civil Procedure 12(e) provides for a more definite statement only where a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).  "A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her."  *San Bernardino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996).  A motion for a more definite statement should be denied "where the information sought by the moving party is available and/or properly sought through discovery."  *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp.

940, 949 (E.D. Cal. 1981).

## DISCUSSION

**A.     Motion to Dismiss Pursuant to Rule 12(b)(6)**

Defendants move to dismiss Plaintiffs' FAC pursuant to Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(b)(6).  Defendants argue that the FAC fails to state a claim as to either Plaintiff Bell or Plaintiff Waterbury.  [Doc. No. 4.]

      **i.     Plaintiff Kathy Bell's Allegations**

Defendants contend Plaintiff Bell has not stated a claim under the TCPA because she has not adequately alleged that Defendants used an ATDS.  Plaintiff Bell alleges Defendants violated a provision of the TCPA which makes it unlawful "for any person . . . to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice" to "a cellular telephone service" or "any service for which the called party is charged for the call."  47 U.S.C. § 227(b)(1)(A).  ATDS is defined as "equipment which has the capacity . . . (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).  "In reviewing the adequacy of ATDS allegations, courts consider whether, read as a whole, the complaint contains sufficient facts to show that it is plausible that Defendants used an ATDS."  *Vaccaro v. CVS Pharmacy*, Inc., 2013 WL 3776927, at *2 (S.D. Cal. 2013) (internal quotations and alterations omitted) (citing *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010)).

Here, Plaintiff Bell states that "Defendants used an 'automated telephone dialing system,' as defined by 47 U.S.C. § 227(a)(1)."  [FAC ¶ 17.]  As drafted, Plaintiff's allegation amounts to a bare legal conclusion.  Plaintiff provides no additional pertinent facts regarding Defendants' system.[3]  Plaintiff must at least allege the underlying facts

---

[3] Plaintiff Bell alleges Defendants used an "internet generated spoof number" to call her cellphone. However, this allegation is irrelevant to whether Defendants used an ATDS.  The issue of "spoofing" arises frequently in cases involving debt collection, as debt collection agencies may use "spoofing devices" that "make it appear that a collection call is coming from a local number to trick the recipient into thinking the call is from a local caller."  *See e.g.*, *Horowitz v. GC Services Ltd. Partnership*, No.

5

requisite to a finding that Defendants' equipment constitutes an ATDS under the TCPA. In other words, Plaintiff must at minimum state that Defendants' equipment has the capacity to store or produce phone numbers using a random or sequential generator and has the ability to call those numbers. *See Blair*, No. 13CV134 MMA-WVG, 2013 WL 2029155, at *4.

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss and dismisses Plaintiff Bell's claims without prejudice.

### i. Plaintiff Steve Waterbury's Allegations

Defendants argue Plaintiff Waterbury fails to state a claim because he does not sufficiently allege Defendants' calls constituted "telephone solicitations." [Doc. No. 4.] Plaintiff Waterbury alleges Defendants violated sections 42 U.S.C. § 227(c) and 47 CFR 64.1200(c) and (e). Pursuant to 47 CFR 64.1200(c), "[n]o person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry . . . ." Section 64.1200(e) expands section (c) to apply also to solicitors calling wireless telephone numbers. The TCPA defines "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person . . . ." 42 U.S.C. § 227(a)(4).

Here, the FAC states that Defendants "place unwanted phone calls [. . .] in an effort to generate business for the installation of solar panels." [FAC ¶ 11.] Further, Plaintiff alleges "the named Plaintiffs received [calls] from Defendants about services for solar installation." [FAC ¶ 13.] Regarding Plaintiff Waterbury specifically, the FAC states that when Plaintiff answered some of Defendants' calls, the caller stated he or she was calling on behalf of "a solar referral company and asked Plaintiff whether he was a homeowner and questions about his income and monthly electrical usage." [FAC ¶ 23.]

---

14CV2512-MMA (RBB), 2015 WL 1959377, at *1, 7–8 (S.D. Cal. Apr. 28, 2015); *Knapp-Ellis v. Stellar Recovery, Inc.*, No. 2:13CV01967-RSM, 2014 WL 5023632, at *1 (W.D. Wash. Oct. 8, 2014). Accordingly, whether Defendants or their equipment disguised their phone number is not probative of whether Defendants' equipment meets the definition of an ATDS under the TCPA.

1  Taken together and construed in the light most favorable to Plaintiff, these facts are
2  sufficient to give rise to the plausible inference that Defendants called Plaintiff
3  Waterbury "for the purpose of encouraging the purchase or rental of, or investment in,
4  property, goods or services . . . ." *See* 42 U.S.C. § 227(a)(4).

   For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss Plaintiff Waterbury's claims.

**B.    Motion to Strike Pursuant to Rule 12(f)**

Defendants move to strike Plaintiffs' class definitions pursuant to Rule 12(f) because they are improper failsafe class definitions. Plaintiffs argue that they have not pleaded improper failsafe class definitions, and that it is procedurally improper for the Court to strike Plaintiffs' class definitions pursuant to Rule 12(f).

A failsafe class is one that is "defined by the merits of the claim." *Panacci v. A1 Solar Power, Inc.*, No. 15CV00532-JCS, 2015 WL 3750112, at *4 (N.D. Cal. June 15, 2015); *see also Haghayeghi*, 2015 WL 1345302, at *6. In other words, a failsafe class definition requires the court "to reach a legal conclusion on the validity of a person's claim in order to determine whether the person is in the class," meaning the class is unascertainable prior to a liability determination. *Panacci*, 2015 WL 3750112, at *8. (citing *Brazil v. Dell, Inc.*, 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008). Courts may strike class definitions defining failsafe classes at the pleading stage. *Id.* (citing *Brazil*, 585 F. Supp. 2d at 1167). However, most courts decline to grant motions to strike class allegations prior to motions for class certification because "the shape and form of a class action evolve[] only through the process of discovery." *Simpson v. Best W. Int'l, Inc.*, No. 3:12–CV–04672–JCS, 2012 WL 5499928, at *9 (N.D. Cal. Nov. 13, 2012) (quoting *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007)).

Here, Plaintiff Bell seeks to represent a class consisting of:

> [A]ll persons within the United States who received any telephone call from Defendants to said person's cellular

> telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not [sic] provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint.

[FAC ¶ 29.]

Plaintiff Waterbury seeks to represent a class consisting of:

> [A]ll persons in the United States whom received more than one telephone call made by or on behalf of Defendants within any 12 month period on a telephone number that had been registered with the National Do Not Call Registry for at least thirty days at the time of such calls and for whom Defendants had no current record of express written consent to place such calls at the time that the calls were made within the four years prior to the filing of this Complaint.

[FAC ¶ 30.]

Plaintiffs do not use failsafe class definitions. The Court can determine membership in Plaintiffs' putative classes using objective criteria, as in *Panacci*. *Panacci*, 2015 WL 3750112, at *8–9 (finding plaintiff's class definitions were not failsafe because the court need not make legal conclusions in order to determine membership, it need only look to objective criteria such as whether one's phone number was listed on the do-not-call registry). This case is unlike cases where courts have granted motions to strike failsafe class definitions, such as in *Brazil*, where the court struck a class definition that included persons who purchased products that the defendant "*falsely advertised* as discounted." 585 F. Supp. 2d at 1167 (emphasis added). The failsafe nature of the class definition in *Brazil* was obvious, unlike in *Panacci* and the instant case.

Because Plaintiff's class definitions "lack obvious defects" and courts rarely strike class allegations at the pleading stage, the Court declines to strike Plaintiff's class definitions from the FAC. *See Panacci*, 2015 WL 3750112, at *9; *see also Haghayeghi*, 2015 WL 1345302, *6 (S.D. Cal. 2015) (declining to strike class allegations until the class certification stage); *Loveless v. A1 Solar Power, Inc.*, No.

EDCV141779FMODTBX, 2015 WL 4498787, at *3 (C.D. Cal. July 23, 2015) (same). The Court **DENIES** Defendants' motion to strike.

**C.     Motion for a More Definite Statement Pursuant to Rule 12(e)**

Defendants argue that "the combination of threadbare allegations and a failsafe class definition renders the complaint so poorly delineated that neither [defendant] can reasonably prepare a response." [Doc. No. 4.] Defendants state that they "should not be required to speculate as to which phone calls Plaintiffs are attacking beyond those specifically quoted in [the FAC]" and "absent additional detail from Plaintiffs properly defining the class, it will be difficult for the Court to make the litigation more manageable through more controlled discovery." [Doc. No. 4, internal quotations omitted.] Plaintiffs counter that the FAC puts Defendants on notice of the nature of their allegations. [Doc. No. 6.]

The Court is unpersuaded that the FAC is "so vague or ambiguous that [Defendants] cannot reasonably be required to frame a responsive pleading." *See* Fed. R. Civ. P. 12(e). Defendants expressly complain that the FAC lacks adequate detail, yet "a motion for a more definite statement is used to attack unintelligibility, not mere lack of detail[.]" *Stout*, 946 F. Supp. at 804. "A Rule 12(e) motion is 'proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted[.]'" *Panacci*, 2015 WL 3750112, at *4 (quoting *Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 896 (N.D. Cal. 2011)). Here, the FAC is sufficiently clear regarding the nature of Plaintiffs' claims and "permits Defendant[s] to obtain more specific details through the discovery process." *See Haghayeghi*, 2015 WL 1345302, at *7.

Thus, the Court **DENIES** Defendants' motion for a more definite statement pursuant to Rule 12(e).

//
//
//

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. [Doc. No. 4.] The Court **GRANTS** Plaintiffs' request for leave to amend the Complaint as to claims that are dismissed <u>without</u> prejudice. Plaintiffs may not add parties or new claims to the complaint without first seeking permission from the Court. Plaintiffs must file a Second Amended Complaint within **<u>14 days</u>** from the date this Order is filed.

Dated:  June 7, 2016

*/s/ Michael M. Anello*
Hon. Michael M. Anello
United States District Judge