JOHN P. KRISTENSEN (SBN 224132)
DAVID L. WEISBERG (SBN 211675)
MATTHEW T. HALE (SBN 303826)
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone:  310-507-7924
Fax:  310-507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*
*matt@kristensenlaw.com*

*Attorneys for Plaintiffs and all others similarly situated*

# THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WATERBURY, on behalf of himself and all others similarly situated; KATHY BELL, on behalf of herself and all others similarly situated;<br><br>   Plaintiffs,<br><br>vs.<br><br>A1 SOLAR POWER INC.; AMERICAN PRO ENERGY; and DOES 1 through 20, inclusive, and each of them,<br><br>   Defendants. | Case No.: 3:15-cv-02374-MMA-WVG<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*<br>(2) Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*<br>(3) Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c) & 47 CFR 64.1200(c) & (e)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Steve Waterbury and Kathy Bell, individually and on behalf of the proposed Classes defined below, allege as follows based upon personal

knowledge as to themselves and their own experiences and, for all other matters, upon information and belief, including investigation conducted by their attorneys.

## NATURE OF THE CASE

1. Plaintiffs bring this action for themselves individually and on behalf of others similarly situated and seek damages and any other available legal or equitable remedies resulting from the illegal actions of defendants A1 SOLAR POWER INC., AMERICAN PRO ENERGY, and DOES 1 through 20, in negligently knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephone(s) and for making repeated, unsolicited calls to landline telephones with telephone numbers listed on the National Do Not Call Registry in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), thereby invading Plaintiffs' privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs, Waterbury and Bell, are both residents of San Diego, California, and seek relief on behalf of a Class, which will likely result in at least one class member belonging to a different state than that of Defendant A1 SOLAR POWER INC., a company with its principal place of business at 15025 Oxnard Street, Suite 200, Van Nuys, California 91411, and Defendant AMERICAN PRO ENERGY, a business entity with its principal place of business at 5632 Van Nuys Boulevard, Van Nuys, California, 91401. Plaintiffs also seek up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Southern

**SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

-2-

District of California pursuant to 28 U.S.C. §§ 1391(b) and 144(a) because Defendants do business within the State of California and the County of San Diego.  Furthermore, Plaintiffs reside within the County of San Diego, so this venue is convenient to the parties and is an appropriate venue for a civil action for damages and injunctive relief.

## PARTIES

4.     Plaintiff, Steve Waterbury, is a natural person residing in San Diego, California.

5.     Plaintiff, Kathy Bell, is a natural person residing in San Diego, California.

6.     Defendant A1 SOLAR POWER INC. ("A1 Solar") is a California corporation with its principal place of business at 15025 Oxnard Street, Suite 200, Van Nuys, California 91411.  Plaintiffs are informed and believe that A1 Solar does business throughout the State of California, including the County of San Diego.  A1 Solar may be served through its registered agent for service of process David Socher at 3443 Golden Gate Way, Lafayette, California 94549.

7.     Defendant AMERICAN PRO ENERGY ("Pro Energy") is a business entity, form unknown, with its principal place of business at 5632 Van Nuys Boulevard, Van Nuys, California 91401.  Plaintiffs are informed and believe that Pro Energy conducted and conducts business in San Diego County.

8.     The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE 1 through 20, inclusive, are currently unknown to Plaintiffs, who therefore sue such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9. Plaintiffs are informed and believe and thereon allege that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of the other Defendants.  Plaintiffs are informed and believe and thereon allege that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

10. At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for each other's acts and omissions.

## FACTUAL ALLEGATIONS

*Factual Allegations Common to All Named Plaintiffs and Class Members*

11. Defendants place unwanted phone calls to cell phones and residential landlines in an effort to generate business for the installation of solar panels.

12. Class members have received automated calls and calls to their landline phones without prior express consent, similar to the automated calls and the named Plaintiffs received from Defendants about services for solar installation.

13. Class members are, like the named Plaintiffs, also listed on the National Do-Not-Call Registry.

14. Similar to the named Plaintiffs, Class members requested on numerous occasions that Defendants quit calling them, but continued to receive calls from Defendants.

**SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

-4-

15. Defendants knowingly and willfully made automated calls without prior express consent to the named Plaintiffs and the Class members with automated telephone equipment.

*Named Plaintiffs' Specific Factual Allegations*

A. <u>Plaintiff Kathy Bell</u>

16. In or around October of 2015, Defendants contacted Plaintiff Kathy Bell on her cellular telephone at (858) 603-****, in an attempt to communicate with Plaintiff Kathy Bell regarding solar panel installation and energy services for her home. The original calls came from what is believed to be an internet generated spoof number starting with the area code prefix (818). Defendant is known to use the number (818) 927-0729.

17. Defendants used an "automated telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) to place its calls to Plaintiff Kathy Bell seeking to communicate with Plaintiff Kathy Bell regarding providing solar panel and energy saving services to her home.

18. Plaintiff Kathy Bell distinctly heard a pause after answering the Defendants' intrusive phone calls, resulting in a delay prior to a live person speaking indicative of an automated telephone dialing system ("ATDS"). Other individuals received calls from numbers affiliated with Defendants were big pauses occurred before an agent entered the phone call.[1]

19. Other individuals were called using voice recognitions software from American Pro Energy and its affiliates. In these calls, the software causes the system to respond with different pre-recorded statements, based on the call recipients' answers to pre-recorded questions.

---

[1] *See* FCC, Consumer Guide: Unwanted Telephone Marketing Calls 2 (2013), http://www.fcc.gov/cgb/consumerfacts/tcpa.pdf ("The use of autodialers... often results in abandoned calls-hang-ups or dead air'")

**SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

-5-

20. 47 U.S.C. § 227 defines an "automated telephone dialing system" ("ATDS") as equipment with the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers." *Id*. at § 227(a)(1).

21. The TCPA's prohibition at issue requires the calls to be made with an ATDS, which Congress defines as "equipment which has the *capacity* (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1) (emphasis added). However, the FCC has expanded this definition to account for technological advances pertaining to dialers. *Hernandez v. Collection Bureau of America, LTD.*, 2014 WL 4922379, at * 2-3 (C.D. Cal. April 16, 2014.) The TCPA sets statutory damages at $500 per negligent violation. *See* 47 U.S.C. § 227(b)(3)(B).

22. Defendants use a known ATDS system called VICIDIAL that is an internet based calling software systems. It has phone numbers loaded up from a digital document into a computer server. The system, which has the capacity to store phone numbers, then automatically dials numbers. Once a number that is called answers, there is a pause, and the system sends the connected called to an agent. That is why there is a pause. The system makes the call (which frees up the agent from making a manual call) and if the number is successfully connected it transfers the call. At the same time, when the call connects, the VICIdial agent screen is "basically an interactive web page." VICIdial also uses voice recognition software.

23. This system is one that the FCC defines an ATDS system as one having the capacity to act as an autodialer (whether it used as an autodialer is irrelevant for TCPA liability). The VICIdial system falls strictly within this category.

24. Defendants' call(s) constituted calls that were not for emergency

**SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

-6-

purposes as defined by 47 U.S.C. § 227(b)(1)(A).

25. Defendants' call(s) were placed to telephone numbers assigned to a cellular telephone service for which Plaintiff Kathy Bell incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

26. Defendants never received Plaintiff Kathy Bell's "prior express consent" to receive calls using an automated dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

B. <u>Plaintiff Steve Waterbury</u>

27. Plaintiff Steve Waterbury listed his landline telephone number (858) 569-**** on The National Do Not Call Registry on June 29, 2003, for the explicit purpose of avoiding unwanted telemarketing calls.

28. From a period beginning on or about April 17, 2015 through the present, Defendants made at least 23 unwanted calls to Plaintiff Steve Waterbury's landline telephone.

29. Plaintiff Steve Waterbury answered some of the unwanted telephone calls made by Defendants. Defendants told Plaintiff that it was a solar referral company and asked Plaintiff whether he was a homeowner and questions about his income and monthly electrical usage. Plaintiff Steve Waterbury's told Defendants on several occasions that his phone number was listed on the National Do Not Call Registry and to not telephone him again. Despite Plaintiff Steve Waterbury's specific requests that Defendants cease calling him, Defendants thereafter made repeated unwanted and harassing calls to Plaintiff's landline telephone.

30. Plaintiff Steve Waterbury did not have a prior relationship with Defendants and never directly provided Defendants with his home phone number. At no time did plaintiff ever consent to any of the calls made by Defendants to his landline telephone.

31. As a result of Defendants' intrusive phone calls, Plaintiff's right to

**SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

-7-

privacy was violated and he suffered harm.

32. Defendants were aware that the above-described phone calls were and are being made to consumers like Plaintiff, who never consented to receive them and whose telephone numbers were listed on the National Do Not Call Registry.

**CLASS ALLEGATIONS**

33. Plaintiffs bring this action individually and on behalf of all other persons similarly situated ("Class").

34. **Class Definition(s)**: Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring this action as a class action on behalf of the Classes of persons defined as follows:

**First And Second Claims for Relief**:

35. Plaintiff Kathy Bell represents, and is a member of the Class, consisting of all persons within the United States who received any telephone call from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint.

**Third Claim for Relief**:

36. Plaintiff Steve Waterbury represents, and is a member of the Class consisting of all persons in the United States whom received more than one telephone call made by or on behalf of Defendants within any 12 month period on a telephone number that had been registered with the National Do Not Call Registry for at least thirty days at the time of such calls and for whom Defendants had no current record of express written consent to place such calls at the time that the calls were made within the four years prior to the filing of this Complaint.

37. Excluded from the Classes are governmental entities, Defendants,

any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class are any judges, justices or judicial officers presiding over this matter and the members of their immediate families and judicial staff.

38. This action is properly maintainable as a class action. This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

39. **Numerosity**: The proposed Classes are so numerous that individual joinder of all members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendants.

40. Plaintiff Kathy Bell and members of the Class were harmed by the acts of Defendant(s) in at least the following ways: Defendant(s) illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members, without their " prior express consent," to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer message(s) left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

41. Plaintiff Steve Waterbury and members of the Class were harmed by the acts of Defendant(s) in at least the following ways: Defendant(s) illegally contacted Plaintiff and Class members more than once in a 12 month period on numbers that had been registered with the National Do Not Call Registry for at least thirty (30) days at the time of such calls, without "prior express consent", in violation of Plaintiff and the Class members' right to privacy.

42. **Common Questions of Law and Fact Predominate**: There are only a few legal and factual issues to determine if there is liability under the TCPA and for each of those questions of law and fact, common issues to the Class predominate over any questions that may affect individual Class members, in that the claims of all Class members for each of the claims herein can be established with common proof. Common questions of fact and law include, but are not limited to, the following:

(a) Whether, within the four years prior to the filing of this Complaint, Defendant(s) made any calls (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automated dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

(b) Whether, within the four years prior to the filing of this Complaint, Defendant(s) systematically made repeated telephone calls to members of the Class at telephone numbers listed on the National Do Not Call Registry and for whom Defendant(s) did not have a current record of express written consent to make such telephone calls.

(c) Whether Plaintiffs and the Class members were damaged thereby, and the extent of the statutory damages for each such violation; and

(d) Whether the Defendant(s) should be enjoined from engaging in such conduct in the future.

43. **Typicality**: Plaintiffs' claims are typical of the claims of members of the Class, as Plaintiffs were subject to the same common course of conduct by Defendant(s) as all Class members. The injuries to each member of the Class were caused directly by Defendant(s)' wrongful conduct as alleged herein.

44. **Adequacy of Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel with substantial experience in handling complex class action litigation. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have financial resources to do so.

45. **Superiority of Class Action**: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Class members have little interest in individually controlling the prosecution of separate actions because the individual damage claims of each Class member are not substantial enough to warrant individual filings. In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. Plaintiffs are unaware of any litigation concerning the present controversy already commenced by members of the Class. The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

46. Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

47. Plaintiffs and the members of the Class have suffered and will continue to suffer harm as a result of Defendant(s)' unlawful and wrongful conduct. Defendant(s) have acted, or refused to act, in respects generally

**SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

-11-

applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CLAIM FOR RELIEF

(VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,

47 U.S.C. § 227, *ET SEQ.*)

(Against All Defendants)

48. Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

49. The foregoing acts and omission of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

50. As a result of Defendants' violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

51. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CLAIM FOR RELIEF

(KNOWING AND/OR WILLFUL VIOLATION OF

THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*)

(Against All Defendants)

52. Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

53. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

54. As a result of Defendants' violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

55. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CLAIM FOR RELIEF

### (VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(C) & 47 CFR 64.1200(C) & (E))

### (Against All Defendants)

56. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

57. Defendant placed solicitation calls to Plaintiffs and members of the Class whose numbers were listed on the National Do-Not-Call Registry.

58. Plaintiffs and members of the Class received at least two calls within a 12 month period from Defendants.

59. As a result of Defendants' violations of 47 U.S.C. § 227(c) and 47 CFR 64.1200 *et seq.*, which is promulgated under 47 U.S.C. § 227(c), Plaintiffs and members of the Class are each entitled to $500 for each and every call in violation of the TCPA § 227(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and on the behalf of the Classes, requests for judgment against Defendants, and each of them, as follows:

1. Certification of the proposed Classes;
2. Appoint Plaintiffs as representatives of the Classes;
3. Appoint the undersigned counsel as counsel for the Classes;
4. Award Plaintiffs and the Classes statutory, compensatory, and exemplary damages as allowed by law, including pre- and post-judgment interest

as may be appropriate;

5. Award Plaintiffs and the Classes attorneys' fees and costs, as allowed by law and/or equity;

6. Enter an order directing Defendants to cease and desist from making the illegal telephone calls and enjoining Defendants from continuing the unlawful practices as alleged in this Consolidated Complaint;

7. Permit Plaintiffs and the Classes leave to amend the Consolidated Complaint to conform to the evidence presented at trial;

8. Conduct a trial by jury; and

9. Grant such other and further relief as the Court deems necessary, just, and proper.

Dated: June 17, 2016           Respectfully submitted,

                               By: */s/ John P. Kristensen*

                               John P. Kristensen (SBN 224132)
                               *john@kristensenlaw.com*
                               David L. Weisberg (SBN 211675)
                               *david@kristensenlaw.com*
                               **KRISTENSEN WEISBERG, LLP**
                               12304 Santa Monica Blvd., Suite 100
                               Los Angeles, California 90025
                               Telephone: (310) 507-7924
                               Fax: (310) 507-7906

**SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

-14-

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury for all such triable claims.

Dated: June 17, 2016               Respectfully submitted,

                          By:  */s/ John P. Kristensen*

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone: (310) 507-7924
Fax: (310) 507-7906

# CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Kristensen Weisberg, LLP, 12304 Santa Monica Boulevard, Suite 100, Los Angeles, California 90025. The foregoing document was served via ECF on all parties and their attorneys of record in case number 3:15-cv-2374-MMA-WVG entitled STEVE WATERBURY AND KATHY BELL V A1 SOLAR POWER, INC., ET AL.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Los Angeles, California on June 17, 2016.

*/s/ Neil Ortlani*
Neil Ortlani