1  LINDA D. LUCERO, ESQ.  .  SBN: 283081
   **LAW OFFICES OF LINDA D. LUCERO**
2  655 North Central Avenue, Suite 1700
   Glendale, California 91203
3  (818) 649-7848
   LLucero@LuceroEsq.com
4
   Attorney for Defendants:  AMERICAN PRO ENERGY & A1 SOLAR POWER, INC.
5

6

7

8              **UNITED STATES DISTRICT COURT**

9        **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  STEVE WATERBURY and KATHY          )    Case No.: 3:15-CV-02374-MMA-WVG
    BELL, individually and on behalf of all  )
12  others similarly situated,              )
                                            )    **DEFENDANTS AMERICAN PRO**
13                  Plaintiffs,             )    **ENERGY AND A1 SOLAR POWER,**
                                            )    **INC.'S ANSWER TO SECOND**
14         v.                               )    **AMENDED COMPLAINT**
                                            )
15                                          )
    a1 SOLAR POWER, INC.; AMERICAN          )    Trial Date:  None
16  PRO ENERGY; AND DOES 1                  )    Complaint Filed: 06/17/16
17  through20, inclusive, and each of them, )
                                            )
18                                          )
                Defendants.                 )
19  _____        )

20

21      Defendants, AMERICAN PRO ENERGY and A1 SOLAR POWER, INC., in answering the

22  Second Amended Complaint for Damages (Doc.#10) (the "Second Amended Complaint") filed by

23

24  Plaintiffs Steve Waterbury and Kathy Bell.  Defendants hereby admit, deny, and allege as follows:

25     1.  Paragraph 1 asserts legal conclusions and does not make factual allegations within the

26         knowledge of Plaintiffs, and thus requires no response from Defendants, American Pro

27         Energy or A1 Solar Power, Inc.   To the extent a response is required, Defendants, American

28         Pro Energy and A1 Solar Power, Inc. denies the allegations in paragraph 1.

                                         Page 1
                       ANSWER TO SECOND AMENDED COMPLAINT

2. Defendants, American Pro Energy and A1 Solar Power, Inc., admits that their respective addresses are correctly stated, however, American Pro Energy and A1 Solar Power, Inc., denies the remainder allegations in paragraph 2.

3. Defendants, American Pro Energy and A1 Solar Power, Inc. admits the allegations in paragraph 3.

4. Defendants, American Pro Energy and A1 Solar Power, Inc., lack sufficient information to either admit or deny the location of Plaintiff Steve Waterbury's residence, and therefore denies the allegations in paragraph 4.

5. Defendants, American Pro Energy and A1 Solar Power, Inc., lack sufficient information to either admit or deny the location of Plaintiff Kathy Bell's residence, and therefore denies the allegations in paragraph 5.

6. Defendants A1 Solar Power, Inc. admits the allegation in paragraph 6 however denies the allegation relating to their agent for service of process.  A1 Solar Power, Inc. agent for service of process is Law Offices of Linda D. Lucero, 655 N. Central Avenue, Suite 1700, Glendale, CA 91203.

7. Defendants American Pro Energy denies the allegations in paragraph 7.

8. Defendants A1 Solar Power, Inc. and American Pro Energy denies the allegations in paragraph 8.

9. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 9.

10. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 10.

11. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 11.

ANSWER TO SECOND AMENDED COMPLAINT

12. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 12.

13. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 13.

14. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 14.

15. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 15.

16. Defendants American Pro Energy and Defendants A1 Solar Power, Inc., the allegations in paragraph 16.

17. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 17.

18. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 18.

19. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 19.

20. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. admits that Plaintiff's correctly stated the definition of a ATDS as stated in paragraph 20.

21. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. admits that Plaintiff's correctly stated the definition of the TCPA as stated in paragraph 21.

22. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 22 as to their use of a ATDS system.  Defendants American Pro Energy and Defendants A1 Solar Power, Inc. admits that Plaintiff's correctly explained how the ATDS system works.

23. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. lacks sufficient information to admit or deny the allegations in paragraph 23.

24. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 24.

25. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 25.

26. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 26 as it applies s to said defendants.

27. Defendants American Pro Energy and Defendants A1 Solar Power, Inc., lacks sufficient information to neither admit or deny the allegations in paragraph 27.

28. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 28.

29. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 29.

30. Defendants American Pro Energy and Defendants A1 Solar Power, Inc., admits in part the allegations in paragraph 30, that Plaintiff did not have a prior relationship with defendants. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. deny the remainder of the allegations.

31. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 31.

32. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 32.

33. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. neither admits nor denies the allegations in paragraph 33.

34. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. neither admits nor denies the allegations in paragraph 34.

35. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. neither admits nor denies the allegations in paragraph 35.

36. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. neither admits nor denies the allegations in paragraph 36.

37. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. neither admits nor denies the allegations in paragraph 37.

38. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 38.

39. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 39.

40. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 40.

41. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 41.

42. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. neither admit or deny the allegations in paragraph 42, as said paragraph correctly states the requirements of the TCPA. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 42 that it applies to Defendants herein.

43. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. neither admit or deny the allegations in paragraph 43, as said paragraph merely contains boiler plate language.

44. Defendants American Pro Energy and Defendants A1 Solar Power, Inc., lacks sufficient information to either admit or deny the allegations in paragraph 44.

45. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. neither admit or deny the allegations in paragraph 45, as said paragraph correctly states the requirements of Superiority of Class Actions.  Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 45 that it applies to Defendants herein.

46. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. neither admit or deny the allegations in paragraph 45, as said paragraph correctly states the requirements of Superiority of Class Actions.  Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 46 that it applies to Defendants herein.

47. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 47.

48. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. neither admit or deny the allegations in paragraph 48, as said paragraph merely contains boiler plate language.

49. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 49.

50. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 50.

51. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 51.

52. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. neither admit or deny the allegations in paragraph 52, as said paragraph merely contains boiler plate language.

53. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 53.

54. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 54.

55. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 55.

56. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. neither admit or deny the allegations in paragraph 56, as said paragraph merely contains boiler plate language.

57. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 57.

58. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 58.

59. Defendants American Pro Energy and Defendants A1 Solar Power, Inc. denies the allegations in paragraph 59.

**AFFIRMATIVE DEFENSES**

In way of further response, Defendants American Pro Energy and Defendants A1 Solar Power, Inc., alleges the following affirmative defenses to the allegations and claims in the Complaint. Defendants American Pro Energy and Defendants A1 Solar Power, Inc., reserves the right to amend and/or supplement its Answer to assert other defenses as they may become known. By setting forth any particular defense below, Defendants American Pro Energy and Defendants A1 Solar Power, Inc., does not allege or admit that they have the burden of proof and/or persuasion with respect to any of

ANSWER TO SECOND AMENDED COMPLAINT

these matters, and does not assume the burden of proof and/or persuasion as to any matters to which Plaintiffs bear such a burden.

**First Affirmative Defense**

The Complaint fails to state facts sufficient to state a cause of action.

**Second Affirmative Defense**

Plaintiff lacks standing to assert the claims alleged in the Complaint.

**Third Affirmative Defense**

Defendants American Pro Energy and Defendants A1 Solar Power, Inc., alleges that Plaintiffs have expressly or impliedly consented to and approved all of the acts and omissions about which plaintiffs now complain.  Accordingly, Plaintiffs are barred from pursuing claims alleged in the Complaint.

**Fourth Affirmative Defense**

To the extent Plaintiff has suffered and legally-cognizable damages, which Defendants American Pro Energy and Defendants A1 Solar Power, Inc., specifically denies, their claims are barred because any damages were caused by the actions or omissions of persons or entities other than Defendants American Pro Energy and Defendants A1 Solar Power, Inc., and for which Defendants American Pro Energy and Defendants A1 Solar Power, Inc., are not responsible, and were not caused by any act or omission on the part of Defendants American Pro Energy and Defendants A1 Solar Power, Inc.

**Fifth Affirmative Defense**

No relief may be obtained by Plaintiff's by reason of the doctrine of unclean hands.

//

//

**Sixth Affirmative Defense**

Plaintiffs are not entitled to any relief because Defendants American Pro Energy and Defendants A1 Solar Power, Inc., conduct did not proximately cause any damages, injury or loss to Plaintiffs.

**Seventh Affirmative Defense**

Granting Plaintiff's demand would result in unjust enrichment, as Plaintiffs would receive more money than would be just for Plaintiffs to receive.

**Eighth Affirmative Defense**

At the times and places, and under the circumstances alleged, the damages to Plaintiffs, if any, were caused solely by the acts or omissions of one or more third persons over whom Defendants American Pro Energy and Defendants A1 Solar Power, Inc., had no control, and for which Defendants American Pro Energy and Defendants A1 Solar Power, Inc., are not responsible or liable to plaintiffs.

**Ninth Affirmative Defense**

Defendants American Pro Energy and Defendants A1 Solar Power, Inc., allege that the losses or damages, if any, of which Plaintiffs complain were directly, proximately and entirely caused and contributed to by the negligence, culpable conductor fault of others, whether or not named as parties to this action.  If Plaintiffs are entitled to recover from Defendants American Pro Energy and Defendants A1 Solar Power, Inc., at all for damages (which is denied), such recovery is diminished to the extent the damages alleged in the Complaint and any and all subsequent amendments and/or supplements thereto are attributable to the negligence culpable conduct or fault of others.

**Tenth Affirmative Defense**

Defendants American Pro Energy and Defendants A1 Solar Power, Inc., are informed and believe, and on that basis allege, that to the extent Plaintiffs have suffered any damages as a result of

ANSWER TO SECOND AMENDED COMPLAINT

any alleged activities of Defendants American Pro Energy and Defendants A1 Solar Power, Inc., (which is denied), Plaintiffs' damages are attributable, in whole or in part, to their own conduct in failing to take action to mitigate or minimize such purported damages, as required by law.

### Eleventh Affirmative Defense

Plaintiffs' claims should be dismissed to the extent they are barred by the doctrine of laches.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### Thirteenth Affirmative Defense

Defendants American Pro Energy and Defendants A1 Solar Power, Inc., alleges that by conduct, representations, and omissions, Plaintiffs have waived, relinquished, and/or abandoned any claim for relief against Defendants American Pro Energy and Defendants A1 Solar Power, Inc., respecting the matters that are the subject of the Complaint.

### Fourteenth Affirmative Defense

The damages Plaintiffs seek against Defendants American Pro Energy and Defendants A1 Solar Power, Inc., violate the Due Process Clause of the United States Constitution, and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred because they have failed to join necessary and indispensable parties in this action.

### Sixteenth Affirmative Defense

Plaintiffs' claim for trebled damages is barred because Defendants American Pro Energy and Defendants A1 Solar Power, Inc., has not engaged in willful and/or knowing misconduct.

ANSWER TO SECOND AMENDED COMPLAINT

### Seventeenth Affirmative Defense

This matter is currently venued in a forum non conveniens and is subject to transfer to another venue for the convenience of the parties and witnesses pursuant to 28 U.S.C. §1404.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred by the statute of frauds.

### Nineteenth Affirmative Defense

All allegations, facts and conclusions of law in Plaintiffs' Complaint not specifically admitted herein are expressly denied.

WHEREFORE, Defendants American Pro Energy and Defendants A1 Solar Power, Inc., respectfully request that the Court enter Judgment providing:

A.  Plaintiffs take nothing by way of the Complaint;

B.  Plaintiffs' Complaint be dismissed with prejudice;

C.  Defendants American Pro Energy and Defendants A1 Solar Power, Inc., be awarded all of its attorneys' fees, costs, and expenses; and

D.  Defendants American Pro Energy and Defendants A1 Solar Power, Inc., be awarded such other and further relief as the Court may deem just and proper.


DATED:  September 13, 2016                     LAW OFFICES OF LINDA D. LUCERO


                                               LINDA LUCERO, ESQ.
                                               Attorney for Defendants
                                        American Pro Energy and A1 Solar Power, Inc.

ANSWER TO SECOND AMENDED COMPLAINT

1

## <u>CERTIFICATE OF SERVICE</u>

2    I AM A CITIZEN OF THE United States and employed in Los Angeles County, California.  I

3  am over the age of eighteen years and not a party to the within entitled action.  My business address is

4  Law Offices of Linda D. Lucero, 655 North Central Avenue, Suite 1700, Glendale, California 91203.

5

6  The foregoing document was served via ECF on all parties and their attorneys of record in case number

7  3:15-cv-2374-MMA-WVG entitled Steve Waterbury and Kathy Bell v. A1 Solar Power, Inc, et al.

8    I declare under penalty of perjury that the foregoing is true and correct.

9

10

11  Executed at Glendale, California on September 13, 2016.

12

13                                      /s/ Linda D. Lucero
                                       Linda D. Lucero
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 12
ANSWER TO SECOND AMENDED COMPLAINT
